OPINION
This case is an appeal from an order of the Court of Common Pleas of Hardin County, Juvenile Division, which overruled a motion by Matthew J. Brakora (Appellant) for a decrease in his child support obligation and a motion by Martha Haudenschield (Appellee) to delete a credit in favor of the father for visitation expense in the child support computation. The father appealed the order overruling his motion to decrease child support. The mother has not appealed the overruling of her motion.
Before turning to the merits of this case, we must point out a problem with the record which will limit our consideration of the assignments of error. The Appellant has included in the record a transcript of the hearing held on the two motions before the court. The testimony was recorded on tape and later transcribed by a court reporter who was not present in the courtroom when the tape was made. Under these circumstances the local court rules of the Third Appellate District require that the Appellant proceed as provided in App. R. 9(C). See Loc. R. 5(D). Since the Appellant has failed to complete the transcript of the hearing as required by these rules, we will not consider the transcript as part of the record on appeal.
Appellant's first assignment of error is as follows:
 The trial court abused its discretion by continuing to impute income to appellant in determining his child support obligation, when appellant has completed his transition to a full-time general practitioner physician, and is employed to his full capacity.
In this assignment of error the Appellant argues that the trial court has made an unreasonable, arbitrary or unconscionable decision by continuing to impute income to him after he has completed the transition to the general practice of medicine. We are hampered in our consideration of this assignment of error due to the lack of a transcript of the testimony produced at the hearing on the motions. However, the journal entry filed by the trial court in this matter contains a thorough explanation by the trial judge for his decision to continue imputing income to Appellant. Under these circumstances, the decision cannot be unreasonable or arbitrary. The first assignment of error is overruled.
Appellant asserts for his second assignment of error the following:
 The trial court found against the weight of the evidence in finding the Appellant's income as being approximately $357,325.00 when Appellant provided income figures projected and from his 1996 tax return, and Appellant explained an error in the buy-out arrangement's figuring.
In the absence of a proper transcript as a part of the record the Appellant has failed to demonstrate the error raised by this assignment of error. The assignment of error is overruled.
The third assignment of error is as follows:
 The trial court abused its discretion by failing to require the Appellee to personally furnish health insurance upon the child, or making an appropriate adjustment for the ceasing of health insurance coverage as figured into the cost of supporting the child.
With respect to the insurance coverage for the minor child of the parties, the trial court found that the Appellant could cover the child on his family policy at no additional cost. The trial court also found that the husband of the Appellee could include the child on his medical insurance provided by his employer at no additional cost. In view of these facts we find no abuse of discretion in the decision of the trial court to require both parties to continue coverage with Appellant being designated as the primary coverage and the coverage provided by the husband of the Appellee being secondary. This assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.